**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Susan Roy, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Synchrony Bank f/k/a GE Capital Retail Bank, | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff, Susan Roy, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Susan Roy ("Plaintiff"), is an adult individual residing in Hamlin, New York, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, Synchrony Bank f/k/a GE Capital Retail Bank ("Synchrony"), is a California business entity with an address of 170 West Election Road, Suite 125, Draper, Utah 84020, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, Synchrony began calling Plaintiff's cellular telephone, number 585-xxx-7051, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

6. Synchrony left prerecorded messages instructing Plaintiff to visit www.mysynchrony.com.

7. On July 14, 2016, Plaintiff emailed customer.service@mail.synchronybank.com and directed Synchrony to stop calling her cellular telephone number.

8. Nevertheless, Synchrony continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ*.

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

11. Defendant continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

12. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

13. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

14. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

15. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

16.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 20, 2017

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW, LLC
43 Danbury Road, 3d Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff